IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CHRISTOPHER CHIN-YOUNG<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>et al.,<br><br>Defendants. | Civil Action No. 1:16-cv-1454 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon consideration of the memoranda filed in support of and in opposition to the motions, the Court concludes that Plaintiff's claims are barred by res judicata, and as a result, this case must be dismissed.

Plaintiff Christopher Chin-Young ("Plaintiff") was hired as a Supervisory Program Analyst by the Army Contracting Command in January 2010. For various disciplinary-related matters, the Army removed Plaintiff from that position in January 2011. Plaintiff appealed his removal to the Merit Systems Protection

Board ("MSPB"), which adjudicates appeals from federal employees regarding adverse employment actions. See, e.g., Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2130 (2012). Before the MSPB reached the merits of this appeal, Plaintiff and the Army entered into a Settlement Agreement in which Plaintiff agreed to waive all claims regarding his removal and all pending Equal Employment Opportunity ("EEO") complaints related to earlier disciplinary actions and performance actions, in exchange for the Army cancelling his removal, ridding his record of prior disciplinary actions and performance evaluations, and providing a neutral employment reference. On September 6, 2011 and February 2, 2012, Plaintiff challenged the Army's compliance with the terms of the Settlement Agreement. The MSPB rejected these challenges.

On December 18, 2013 Plaintiff filed a civil action in the United States District Court for the District of Maryland against the Secretary of the U.S. Department of the Army, the clerk of the MSPB, former Army supervisors Kathleen Cole and Denise Price, the United States Attorney General, and the United States Attorney for the District of Maryland. In that suit, Plaintiff alleged employment discrimination, due process violations, and numerous torts in violation of the Federal Torts Claims Act ("FTCA"), the Health Insurance Portability Accountability Act ("HIPPA"), the Privacy Act of 1974, and the

2

Family and Medical Leave Act of 1993 ("FMLA"). The Maryland District Court dismissed all of Plaintiff's claims, in part because of the existence of his settlement agreement with the MSPB, and also because he failed to state a claim upon which relief could be granted. On appeal, the Fourth Circuit affirmed the District Court's decision.

On March 15, 2016, Plaintiff filed a second civil action in the Circuit Court for the City of Alexandria, naming as defendants the Virginia Employment Commission and Autumn Aquinaldo, Plaintiff's former Army supervisor. Plaintiff's complaint put forth a request for judicial review of the Virginia Employment Commission's decision to deny him unemployment benefits following his termination from the Army, and common law tort claims for defamation, libel, slander, on fraud. Based upon the United States Attorney's certification that Aquinaldo was acting within the scope of her employment, the United States removed the case to this Court in May 2016. Plaintiff amended his complaint and asserted due process violations, violations of the American with Disabilities Act ("ADA") and FMLA, criminal assault by the Army, negligence, employment discrimination under Title VII of the Civil Rights Act of 1964, violations of the Age Discrimination in Employment Act ("ADEA"), violations of HIPPA, and violations of the Privacy Act.

3

On the United States' motion, in October 2016, this Court (Lee, J.) dismissed the Plaintiff's complaint. The Court held that Plaintiff's FTCA claims failed because they arose out of a federal employment relationship, and were thus precluded by the Civil Service Reform Act, that plaintiff's employment discrimination claims were barred by his settlement agreement, and that the remaining causes of action were not viable. Plaintiff did not appeal this dismissal.

Before the Court now is Plaintiff's third civil action regarding his employment with the U.S. Army. In August 2016, Plaintiff filed a complaint in the United States District Court for the Northern District of Georgia. The case was transferred to this Court in November 2016. In the operative complaint,[1] Plaintiff alleges that the MSPB settlement agreement is no longer binding on him because he was coerced into entering the agreement, and that as a result, this Court must now review the merits of any claim regarding his employment with the Army. Plaintiff goes on to allege a multitude of claims, including violations of his due process rights, ADA and FMLA violations, criminal assault, negligence and a number of other torts, violations of HIPPA, violations of the Privacy Act, violations

---

[1] The Amended Complaint, filed March 8, 2017, is the operative complaint in this action.

4

of 42 U.S.C. § 1983, employment discrimination, "whistleblower reprisal," and libel and slander.

Plaintiff has named the United States and the U.S. Army as defendants, as well as three Army supervisors in their individual capacities (Denise Price, Kathleen Cole, and LeRoy Lundgren). Defendants have moved to dismiss the operative complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). District courts must give *pro se* plaintiffs "the benefit of a liberally construed complaint." Neild v. Wolpoff & Abramson, L.L.P., 453 F. Supp. 2d 918, 920 (E.D. Va. 2006) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1984).

Plaintiff's claims are barred by the doctrine of res judicata, because they have been previously litigated in another forum. Under res judicata, "a prior judgment between the same parties can preclude subsequent litigation on those matters

5

actually and necessarily resolved in the first adjudication." Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015). In order for res judicata to bar an action, the moving party must establish that: (1) the prior judgment was final and on the merits; (2) the parties are identical, or in privity, in both actions; and (3) the claims in the subsequent action are based upon the same cause of action as in the prior matter. Id. Claims are based on the same cause of action when they arise out of the same transaction or series of transactions as the claim resolved by the prior judgment. Modderno v. Ocwen Loan Servicing, LLC, No. 1:17-cv-77, 2017 WL 1234287, at *4 (E.D. Va. Apr. 4, 2017) (citing Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). All three requirements are met here.

First, Plaintiff's claims have been, or could have been, previously decided by not one, but two final judgments on the merits. Plaintiff previously filed litigated actions in the Maryland District Court and in this Court. Both the Maryland District Court and the Eastern District of Virginia District Court held that Plaintiff's claims failed because the MSPB settlement agreement precluded them, because the law did not recognize a particular statutory cause of action, or because Plaintiff had not presented a plausible claim. The Fourth Circuit affirmed the decision of the Maryland District Court, and the Plaintiff did not appeal the decision of this Court.

Thus, those judgments are final. As a result, the first element of res judicata is satisfied.

Second, the parties are identical or in privity in both actions. The United States was a party to the proceedings in both the previous cases, as well as a defendant in the instant action. All other defendants are in privity with the United States because their interest is so identical with that of the United States that "representation by one party is representation of the other's legal right." See State Water Control Bd. v. Smithfield Foods, Inc., 542 S.E.2d 766, 769 (Va. 2001). As a result, the second element of res judicata is satisfied.

Finally, the claims in this matter are based on the same claims from the previous cases. As described above, in Plaintiff's previous suits, Plaintiff alleged many of the same claims as he does in the instant action. In fact, the claims of discrimination contained in Plaintiff's complaint are identical to those presented in the previous actions. Moreover, the claims in this action are based upon the same cause of action as in the previous matters—that is, a challenge to the settlement agreement Plaintiff entered with the Army. As a result, the third element of res judicata is satisfied. Because all elements are met, res judicata bars Plaintiffs' claims in this action.

Because Plaintiffs' claims are barred by res judicata, all claims against the Defendants must be dismissed. Furthermore, the Court is of the opinion that allowing Plaintiff to amend his complaint for a second time would be futile. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 11, 2017