IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| CHRISTOPHER CHIN-YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:16-cv-1454 |
| | ) |
| UNITED STATES OF AMERICA, ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Post-Remand Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff, proceeding pro se, alleges that he was terminated from his position as a civilian Supervisory Program Analyst at the Army Contracting Command ("ACC") in Fort Belvoir, Virginia in January 2011. Plaintiff further alleges that he was reinstated in 2012 but immediately demoted to a position at "HQ ARMY CIO/G6." Plaintiff also alleges that in 2014 he was disciplined by superiors before and after returning from an Afghanistan deployment, during his HQ Army CIO/G6 employment. Plaintiff was terminated a second time in 2015.

Shortly after Plaintiff's 2011 termination, Plaintiff initiated the first of numerous employment related lawsuits in

several different administrative and judicial forums. Plaintiff's litigation against Defendants has, thus far, included four federal lawsuits, multiple administrative actions, and two appeals to the Fourth Circuit. Although an exhaustive recitation of all of Plaintiff's prior litigation efforts is unnecessary, some background is essential to decide the instant motion and to implement the Fourth Circuit's mandate.

Plaintiff first challenged his 2011 termination from the ACC position before the Merit Systems Protection Board (the "MSPB"), which resulted in a settlement. Under the terms of that May 2011 settlement, Plaintiff agreed to release all claims relating to his ACC employment and termination, and to voluntarily resign after a period of temporary reinstatement. In exchange, Plaintiff was promised a neutral employment reference and expungement of certain disciplinary records from Plaintiff's personnel file. In September 2011, Plaintiff brought a second petition to enforce the May 2011 settlement. As a result of Plaintiff's second MSPB petition, the parties agreed to modify the settlement agreement so that the ACC would request that the Defense Finance and Accounting Services waive any debts resulting from Plaintiff's termination and that Plaintiff be placed into the Department of Defense's priority placement program "if he is otherwise eligible." The modified settlement, agreed to on November 29, 2011, was entered into the record and Plaintiff's second MSPB petition was dismissed.

In February 2012, Plaintiff brought a new petition to enforce the settlement, asserting that certain parties breached the agreement by failing to expunge disciplinary records and place him in the Department of Defense's priority placement program. In the February 2012 action, Plaintiff also argued that he was "fraudulently induced" into the settlement because the ACC never intended to comply with its obligations. An Administrative Law Judge dismissed Plaintiff's claims in June 2012.

In September 2012, Plaintiff petitioned the MSPB to review both the June 2012 and November 2011 decisions described above. The MSPB consolidated the petitions and dismissed Plaintiff's claims and challenges to the settlement agreement in November 2013. Plaintiff appealed the MSPB's November 2013 decision to the United States District Court for the District of Maryland. There, Plaintiff argued that the settlement agreement was void and that the Administrative Law Judge coerced him into signing it. Plaintiff also asserted that his 2011 termination violated the Civil Service Reform Act ("CSRA"), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and other common law and statutory violations. The Maryland District Court dismissed the case in 2015, holding that the Federal Circuit had exclusive jurisdiction over Plaintiff's appeal. Chin-Young v. McHugh ("*Chin Young I*"), No. 13-cv-3772, 2015 U.S. Dist. LEXIS

3

43572 (D. Md. Apr. 2, 2015). The Fourth Circuit affirmed. 623 F. App'x 121 (4th Cir. 2015).

In 2016, Plaintiff filed a Virginia state court action against the Virginia Employment Commission and one of his former ACC supervisors. In that action, Plaintiff initially sought review of the Virginia Employment Commission's decision to deny him unemployment benefits following his 2011 termination, but also alleged additional common law tort claims for defamation, libel, slander, and fraud. That action was removed to the Federal District Court for the Eastern District of Virginia, where Plaintiff amended his complaint and asserted violations of the Fifth and Fourteenth Amendments; violations of the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA") by denying him a reasonable accommodation after his redeployment from Afghanistan; discrimination in violation of Title VII and the ADEA; violations of the Health Insurance Portability and Accountability Act ("HIPPA") for fraudulently accessing his medical records; time sheet fraud and violations of the Privacy Act for unlawfully investigating his pay and medical records; "criminal assault" after he was denied entry to his workplace; malfeasance, misfeasance, nonfeasance, and negligence in the handling, processing and denial of his property rights in his federal employment, also allegedly in violation of the Federal Tort Claims Act ("FTCA"); and unlawful discipline by subjecting him to a

4

demotion. Aside from claims relating to assault, claims relating to his 2012 "demotion," and HIPPA and FMLA claims relating to his return from the 2014 Afghanistan deployment, the claims asserted in this action were previously raised before the Maryland District Court.

In October 2016, Judge Gerald Bruce Lee dismissed Plaintiff's lawsuit. Chin-Young v. United States of America (*Chin Young II*), No. 16-cv-00544-GBL-JFA, 2016 U.S. Dist. LEXIS 195732 (E.D. Va. Oct. 4, 2016). In the October 4, 2016 order dismissing the case, Judge Lee held that the court lacked subject matter jurisdiction over Plaintiff's tort claims, including his claims for "time sheet fraud," misfeasance and malfeasance, defamation, false light, libel, and slander. As to Plaintiff's Title VII, ADA, and ADEA claims, Judge Lee determined that the court did not have jurisdiction over those claims based on the doctrine of derivative jurisdiction. Judge Lee also held that Plaintiff failed to allege that he was plausibly entitled to relief as to his claims for FMLA, HIPPA, the Privacy Act, and his constitutional and criminal assault claims.

After Judge Lee dismissed Chin Young II, Plaintiff filed a new petition before the MSPB asserting breaches of the settlement agreement and other discrimination claims based on his 2011 termination. The MSPB held that Plaintiff's challenges were barred by res judicata. Plaintiff sought review of this MSPB decision in

5

the United States District Court for the Middle District of Georgia, which transferred the case to this Court.

On July 11, 2017, this Court dismissed Plaintiff's complaint based on res judicata and Plaintiff appealed to the Fourth Circuit. On May 14, 2019, the Fourth Circuit affirmed in-part and reversed in-part this Court's July 11, 2017 dismissal. In particular, the Fourth Circuit affirmed this Court to the extent that it dismissed Plaintiff's claims relating to his settlement and 2011 termination from the ACC as barred by res judicata. However, the Fourth Circuit reversed and remanded to the extent that Plaintiff's complaint contained claims that were not related to or which otherwise post-dated his 2011 termination and settlement from his ACC employment. In so holding, the Fourth Circuit identified certain non-ACC related claims in Plaintiff's complaint based on FMLA, HIPPA, and other allegations relating to a 2012 demotion and his return from a 2014 deployment. The Fourth Circuit remanded to this Court to consider whether, based on the issues raised and decided in Chin Young II, the doctrine of collateral estoppel may bar Plaintiff's non-ACC related claims in this Court.

After the Fourth Circuit's remand, Defendants filed the instant Post-Remand Motion to Dismiss. Defendants identify a number of non-ACC related claims in Plaintiff's operative complaint and argue that those non-ACC related claims are not supported by sufficient factual allegations or are otherwise

6

barred by collateral estoppel based on Judge Lee's 2016 decision dismissing Chin Young II.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). On a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 423 (4th Cir. 2018). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss. Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Court has liberally construed Plaintiff's pro se complaint. Jehova v. Clarke, 798 F.3d 169, 176 (4th Cir. 2015). Plaintiff's single-spaced complaint, which clearly runs afoul of the formatting and length requirements set forth in this Court's local rules, contains sections titled "Nature of Cause" and "Claims." Those sections list a number of references to federal laws that have "been violated," but contain no other factual support for the basis of each violation. Based on the Court's liberal review, Plaintiff's operative complaint ostensibly lists seven claims that are not related to Plaintiff's ACC employment, 2011 termination, or the resulting settlement. Plaintiff's non-

ACC employment related claims appear to be: (1) discriminatory termination based on his July 31, 2015 termination; (2) discriminatory denial of promotion in November 2012 to "SL/SES rank;" (3) discriminatory demotion in April/May 2012; (4) two discriminatory instances of "discipline" in 2014 in violation of Title VII and the ADEA; (5) violations of the ADA, HIPPA, and the FMLA; (6) "criminal assault;" and (7) malfeasance, misfeasance, and negligence in violation of the Federal Tort Claims Act.

As an initial matter, the Court agrees with Defendants that none of Plaintiff's non-ACC related claims are supported by allegations sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The seven non-ACC related claims merely state, in conclusory fashion, that certain laws were violated without providing any factual support. Because these remaining claims do no more than state legal conclusions, they fail to assert plausible claims for relief. See Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (a claim that amounts to no more than a legal conclusion "on its face" fails to assert a plausible claim). Although it is apparent that Defendants' motion should be granted because Plaintiff has failed to sufficiently allege any claims for relief, Plaintiff's non-ACC related claims must also be dismissed for the following additional reasons.

8

First, the Fourth Circuit's opinion identified claims under the FMLA and HIPPA that were not barred by res judicata because they did not relate to Plaintiff's ACC employment. However, Plaintiff has now clarified that those claims arise solely from his ACC employment. In his opposition to the current motion, Plaintiff accuses Defendants' of creating "phantom claims" by characterizing his FMLA and HIPPA claims as arising from his post-ACC employment. Plaintiff goes on to "restate for the record that all FMLA and HIPPA claims in this lawsuit [are] brought against [the] Army for his tenure at HQ ACC." Plaintiff's clarification that his FMLA and HIPPA claims relate solely to his ACC employment means that they must be barred by res judicata, consistent with the Fourth Circuit's mandate in this case. Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 304 (4th Cir. 2000) ("Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'") (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).

Plaintiff has also previously litigated the factual issues underlying his ADA claim in Chin Young II, where he alleged that he was "denied his rights to reasonable accommodation after his redeployment from Afghanistan, in violation of the [ADA] and the FMLA." The doctrine of collateral estoppel "bars subsequent litigation of those legal and factual issues . . . that were

9

actually and necessarily determined by a court of competent jurisdiction in the first litigation." Orca Yachts, LLC v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002). The party advocating to apply collateral estoppel must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution for the issue or fact had a full and fair opportunity litigate the issue or fact in the prior proceeding. Kloth v. Microsoft Corp., 355 F.3d 322, 326 (4th Cir. 2004). And although Judge Lee determined that the court did not have jurisdiction over Plaintiff's ADA claim in Chin Young II, such a holding does not prevent the application of collateral estoppel to those same issues that were fully litigated and decided there. Goldsmith v. Baltimore, 987 F.2d 1064, 1069 (4th Cir. 1993) ("a jurisdictional dismissal that does not constitute a judgment on the merits so as to complete bar further transactionally related claims still operates to bar relitigation of issues actually decided by that former judgment."). Here, the factual basis of Plaintiff's ADA claim — that he was denied accommodation after his 2014 Afghanistan deployment — was fully litigated and decided in

Chin Young II. As a result, Plaintiff's ADA claim cannot be relitigated here.

Second, Plaintiff's claim for "criminal assault" fails for several reasons, the most problematic of which is that violations of criminal law do not normally give rise to a civil cause of action. <u>Vansant & Gusler, Inc v. Washington</u>, 429 S.E.2d 31, 34 (Va. 1993). The basis for Plaintiff's criminal assault claim appears to be that he was prevented from entering his worksite at Fort Belvoir and "suffered physical assault" while attempting to enter a building there. In Chin Young II, Judge Lee squarely held that Plaintiff's "criminal assault" claim, which was predicated on the fact that Plaintiff was denied entry to Fort Belvoir, should be dismissed because Plaintiff only alleged that a criminal assault took place without any additional factual allegations. Because the exact same facts supporting the "criminal assault" claim alleged here were previously litigated and dismissed by Judge Lee in Chin Young II, his attempt to relitigate those same factual issues here is barred by collateral estoppel. <u>Orca Yachts</u>, 287 F.3d at 318.

Third, Plaintiff's discrimination claims relating to a wrongful termination in July 31, 2015, a denial of a promotion in November 2012, a demotion in April/May of 2012, and two disciplinary incidents in 2014 all appear to be made with reference to violations of Title VII and the ADEA. But in addition to being insufficiently alleged, Plaintiff has failed to exhaust his

11

administrative remedies with respect to these claims. Plaintiff's operative complaint does include reference to several administrative actions, but those actions appear to relate to alleged discrimination taking place during his ACC employment. His complaint does not contain any allegations or references to any administrative exhaustion of these post-ACC employment discrimination claims, and it is well-established that before seeking relief under an anti-discrimination statute in federal court, a plaintiff must first exhaust his administrative remedies. Laber v. Harvey, 438 F.3d 404, 415-16 (4th Cir. 2006) (en banc). It does not appear to the Court that Plaintiff ever exhausted any administrative remedies (under either Title VII or the ADEA) regarding his 2012 "demotion," his 2012 denial of promotion, the 2014 disciplinary incidents, or the 2015 termination. Although Plaintiff's operative complaint references several administrative actions, nowhere does he allege that those complaints relate to the discriminatory acts complained of or that such administrative remedies were otherwise exhausted. While a Title VII plaintiff could conceivably exhaust claims that were not previously listed in an administrative charge "if a reasonable investigation of his administrative charge would have uncovered the factual allegations set forth in formal litigation," Chacko v. Patuxent Inst., 429 F.3d 505, 512 (4th Cir. 2005), that can hardly be the case where, as here, the alleged additional discriminatory conduct took place

well after the filing of the administrative charge. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124 (4th Cir. 2002) (plaintiff's Title VII claim dismissed because it "exceeded the scope" of the allegations set forth in his administrative charge). Plaintiff's discrimination claims, in addition to being insufficiently alleged, must therefore be dismissed for failure to exhaust administrative remedies. Stewart v. Iancu, 912 F.3d 693, 699 (4th Cir. 2019) ("Title VII directs federal employees to exhaust administrative remedies before filing suit."); Brandford v. Shannon-Baum Signs, Inc., 519 Fed. Appx. 817, 819 (4th Cir. 2013) (failing to exhaust administrative remedies for an ADEA claim "deprives the federal courts of subject matter jurisdiction over the claim.").

Fourth, this Court does not have jurisdiction over Plaintiff's claims for misfeasance, malfeasance, and violations of the FTCA. Based on this Court's liberal review of Plaintiff's complaint, these tort claims arise directly out of his federal employment relationship. Under the CSRA, any tort claims brought under the FTCA arising out of a federal employment relationship are not subject to district court review. Gordon v. Gutierrez, No. 1:06cv861, 2006 U.S. Dist. LEXIS 91058, at *9 (E.D. Va. Dec. 15, 2016), aff'd, 250 F. App'x 561 (4th Cir. 2007). And because the exact same factual issues underlying these claims were fully

13

litigated and dismissed in Chin Young II, these claims are also barred by collateral estoppel.

For these reasons, this Court concludes that Defendants Post-Remand Motion to Dismiss should be granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 16, 2019